[No. A063672. First Dist., Div. One. Mar. 14, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL A. VENEGAS, Defendant and Appellant.

**COUNSEL**

John K. May, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan and Thomas A. Brady, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STEIN, J.**—Michael A. Venegas appeals his convictions of two counts of felony violation of Penal Code section 12280, subdivision (b)[1] (possession of assault weapons). He contends that his convictions must be reversed because the court erred in excluding evidence that he registered weapons with the Department of Justice in March of 1993. Appellant argues this evidence would have supported an affirmative defense to the charges pursuant to section 12285, subdivision (f).

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

## FACTS

The information charged that on or about October 14, 1992, appellant possessed two assault weapons in violation of section 12280, subdivision (b). The district attorney moved to exclude evidence that after the October 14, 1992 arrest appellant had registered the weapons in March 1993, on the ground that the registration did not fall within the forgiveness period specified in section 12285, subdivision (f). Appellant stipulated that on October 14, 1992, he possessed two assault weapons, within the meaning of section 12276, an AR-15 and HK-91, and that they were not then registered. It was further stipulated that the weapons were, however, registered on March 26, 1993. Appellant also testified that he acquired the HK-91 in 1984 and the AR-15 in 1988. The court tentatively granted the motion to exclude evidence of the March registration, finding that pursuant to section 12285, subdivision (f), the latest date to register the weapons was 90 days after January 1, 1992. After a continuance to allow the parties to present additional legislative history, the court, on November 1, 1993, confirmed its prior ruling.

Appellant waived his right to a jury trial. He further stipulated that he possessed the two assault rifles, within the meaning of section 12276, on October 14,1992, in San Mateo County with knowledge of their presence. The court found appellant guilty of the offenses as charged. The court suspended imposition of sentence, and placed appellant on probation for two years, with forty-five days in county jail. The court stayed the jail term pending disposition of this appeal.

## ANALYSIS

Section 12285 generally provides a procedure whereby persons who lawfully possessed an assault weapon prior to June 1, 1989, must register the weapon, and describes the conditions under which the registered weapon may be possessed. Section 12285, subdivision (a) originally established the requirement that all such assault weapons had to be registered by January 1, 1991. In 1991 section 12285 was amended to, inter alia, add subdivisions (f) and (g). (Stats. 1991, ch. 954, § 5 (SB No. 263).) Section 12285, subdivision (f) provided that: *"For 90 days following the effective date of Senate Bill 263 of the 1991-1992 Regular Session*, a forgiveness period shall exist to allow persons specified in subdivision (b) of Section 12280 to register with the Department of Justice assault weapons which they lawfully possessed prior to June 1, 1989." (Italics added.) The effect of the addition of subdivision (f) was to give those persons who had failed to register qualifying assault weapons by January 1, 1991, another opportunity to do so. Subdivision (g) provided that any person who takes advantage of the forgiveness period to

register, "shall not be charged with a violation of subdivision (b) of section 12280, if law enforcement becomes aware of that violation only as a result of the registration of the assault weapon." (Pen. Code, § 12285, subd. (g).) Pursuant to section 12285, subdivisions (f) and (g), registration within the "forgiveness period" may constitute a complete defense to a section 12280 subdivision (b) charge, if the police became aware of the violation only as a result of the registration.

■  Appellant contends that he registered his weapons within the forgiveness period specified in section 12285, subdivision (f). He argues that the reference to "the 1991-1992 regular session" in section 12285, subdivision (f) created an ambiguity concerning the effective date of Senate Bill No. 263, because the Government Code table listing effective dates of nonurgency measures does not list a "1991-1992 Regular Session." (See 32c West's Ann. Gov. Code (1994 pocket supp.) §§ 9400-12299 at pp. xv-xviii.) In light of the claimed ambiguity, he suggests that we must construe "the 1991-1992 Regular Session" to mean the "1992 Regular Session" listed in the Government Code table. Under his construction the 90-day registration period began to run on January 1, 1993, and the March 1993 registration of his assault weapons would fall within the specified period.[2]

The table in the Goverment Code appellant refers to is merely a quick reference guide. The effective date of "Senate Bill No. 2630 of the 1991-1992 Regular Session" is easily ascertainable by reference to the relevant legislative history, and the applicable statutory and constitutional provisions concerning the effective date of statutes. Regular sessions of the Legislature last for two years, beginning on the first Monday of December in each even-numbered year and adjourning on November 30 of the following even-numbered year. (Cal. Const., art. IV, § 3.) Thus, the reference to the 1991-1992 Regular session could only refer to the session which began in December of 1990 and continued through 1991 and the first 11 months of 1992. During that session, Senate Bill No. 263 which amended the Assault Weapons Control Act, including the addition of subdivision (f) to section 12285 was introduced on January 31, 1991. It was passed on September 13, 1991. (1 Sen. Final Hist. (1991-1992 Reg. Sess.).) The next day the Senate adjourned for a joint recess to reconvene in the second calendar year of the biennium of the legislative session. (Sen. Daily J. (1991-1992 Reg. Sess.) p.

---

[2]Any confusion concerning the date upon which the forgiveness period began to run was eliminated in 1993 when section 12285, subdivision (f) was amended to substitute "January 1, 1992" for "the effective date of Senate Bill 263 of the 1991 Regular Session." (Amended Stats. 1993, ch. 662, § 1, ch. 1139, § 7.) It is undisputed, however, that the applicable statute is the former version of subdivision (f).

4424.) Senate Bill No. 263 was signed by the Governor on October 13, 1991, and chaptered by the Secretary of State the following day. (1 Sen. Final Hist. (1991-1992 Reg. Sess.) p. 227.) Therefore , pursuant to California Constitution, article IV, section 8, subdivision (c)(2), the effective date of Senate Bill No. 263 was January 1, 1992, and the forgiveness period established by section 12285, subdivision (f) expired 90 days thereafter.[3] The court correctly found that the March 1993 registration of appellant's weapons did not fall within the forgiveness period.

Even if we were to construe section 12285, subdivision (f) so that appellant's registration fell within the forgiveness period, the evidence would not, in any event, have constituted a complete defense because the police were aware of appellant's violation of section 12280, subdivision (b) before he registered the weapons. (§ 12285, subd. (g).)

The Attorney General concedes, however, that the evidence of registration should have been considered, pursuant to section 12280, subdivision (b) for the more limited purpose of determining whether the offenses appellant was convicted of were punishable as infractions. Appellant would be entitled to have the offenses punished as infractions pursuant to section 12280, subdivision (b), if he: (1) lawfully possessed the weapons prior to June 1, 1989; (2) otherwise possessed the weapons in compliance with the conditions set forth in section 12285, subdivision (c) for the lawful possession of a registered weapon; and (3) has not previously violated section 12280, subdivision (b).[4]

Appellant, asks that in light of this concession, we remand the matter with directions to reduce the offenses to infractions. The Attorney General, however, does not concede that appellant has established all of the conditions for having a first time offense punished as an infraction. In particular, conflicting evidence was offered at the hearing on the motion to exclude

---

[3]Moreover, the reference in section 12285, subdivision (f) to Senate Bill No. 263 could only have referred to the Senate Bill No. 263 because no bill No. 263 was added in either of the two extraordinary sessions in 1991 or 1992, and only one Senate Bill No. 263 was introduced during the 1991-1992 Regular Session.

[4]Section 12280, subdivision (b) provides: ". . . [A]ny person who, within this state, possesses any assault weapon, except as provided in this chapter, is guilty of a public offense and upon conviction shall be punished by imprisonment in the state prison, or in a county jail, not exceeding one year. *However, if the person presents proof that he or she lawfully* possessed *the assault weapon prior to June 1, 1989, or prior to the date it was specified as an assault weapon, and has since either registered the firearm and any other lawfully obtained firearm subject to this chapter pursuant to section 12285 . . . , first-time violation of this subdivision shall be an infraction punishable by a fine of up to five hundred dollars ($500), but not less than three hundred fifty dollars ($350), if the person has otherwise possessed the firearm in compliance with subdivision (c) of Section 12285."* (Italics added.)

evidence of registration on the question whether appellant possessed the weapons prior to June 1, 1989. In addition, issues of fact exist as to whether appellant otherwise possessed the weapons in compliance with the conditions set forth in section 12285, subdivision (c). Section 12285, subdivision (c) generally provides that a registered weapon may be lawfully possessed at a person's residence, on a target range or at an exhibition or education project concerning firearms or, while transporting the weapon to or from any of the aforementioned places. The parties never litigated whether appellant complied with these conditions and there is no evidence in the record on the question.[5] We therefore remand the matter for the limited purposes of determining whether the offenses should be punished as infractions pursuant to section 12280, subdivision (b).

## CONCLUSION

The matter is remanded for the limited purpose of determining whether the offenses may be reduced to an infraction pursuant to the conditions set forth in section 12280, subdivision (b) for punishment of first time offenders. In all other respects, the judgments are affirmed.

Strankman, P. J., and Newsom, J., concurred.

---

[5]The district attorney represented to the trial court that the police had been called to the vicinity of appellant's residence by reports of gunfire. The police followed a trail of blood leading away from the area where the gunfire had been heard to appellant's house. They ultimately found the weapons under appellant's bed. If appellant possessed the weapons, or fired them outside his home, he may not have satisfied the conditions set forth on section 12285, subdivision (c), and therefore would not be entitled, on remand to have the offenses reduced to infractions.